**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                      No. 00-4077

JAMES LEROY RAGLAND, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-40)

Submitted: July 31, 2000

Decided: September 15, 2000

Before WIDENER, MURNAGHAN,* and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant. Robert
P. Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

*Judge Murnaghan was assigned to the panel in this case but died prior
to the time the decision was filed. The decision is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Leroy Ragland, Jr., appeals his conviction entered on his guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Ragland noted a timely appeal and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court had committed reversible error in conducting Ragland's Fed. R. Crim. P. 11 hearing. Counsel also suggested that the district court clearly erred in determining the quantity of cocaine attributable to Ragland for sentencing purposes. The time for filing a supplemental brief has passed and Ragland has not responded, despite being advised of his right to do so. Because we find counsel's assignments of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Ragland's conviction and sentence.

On appeal, counsel identifies no specific error in the district court's Rule 11 hearing and our review of the record reveals none. The district court conducted a thorough hearing, insuring that Ragland understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the effect of supervised release, and the impact of the Sentencing Guidelines. Further, the court ascertained that Ragland's plea was voluntary and that a factual basis existed for his plea. See Fed. R. Crim. P. 11; United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991). Ragland's substantial rights were adequately protected by the district court's proceedings. See DeFusco, 949 F.2d at 117. Neither did the district court commit clear error in crediting the drug weights contained in the laboratory report. See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998). The existence of a single internal inconsistency in the report not related to the net weight of the controlled sub-

2

stance does not leave us with the "definite and firm conviction" that the district court committed a mistake in determining the weight of the cocaine attributable to Ragland for sentencing purposes. See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). There is no reversible error in Ragland's conviction and sentence.*

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Ragland's conviction and sentence are affirmed. Counsel's pending motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*The court has considered and rejected the possibility of reversible error in light of Apprendi v. New Jersey, ___ U.S. ___, 68 U.S.L.W. 4576 (U.S. June 26, 2000) (No. 99-478).

3

t